IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 3:16CV546-RJC-DSC

| | |
|---|---|
| ROSA MAE COLLINS,<br>    Plaintiff,<br><br>  vs.<br><br>NANCY A. BERRYHILL,[1]<br>Commissioner of Social<br>Security Administration,<br>    Defendant. | **MEMORANDUM AND RECOMMENDATION<br>OF REMAND** |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Summary Judgment" (document #11) and Defendant's "Motion for Summary Judgment" (document #13), as well as the parties' briefs and submissions.

This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and these Motions are now ripe for disposition.

Having considered the written arguments, administrative record, and applicable authority, the undersigned respectfully recommends that Plaintiff's Motion for Summary Judgment be granted; that Defendant's Motion for Summary Judgment be denied; and that the Commissioner's decision be reversed, and this matter be remanded for further proceedings consistent with this Memorandum and Recommendation.

## I. PROCEDURAL HISTORY

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for Carolyn W. Colvin as the Defendant herein. No further action is necessary pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

1

On January 13, 2013, Plaintiff filed an application for Supplemental Security Income Benefits ("SSI") alleging that she became disabled on December 17, 2012, due to neck and back pain. (Tr. 68, 207-08). The application was denied initially and upon reconsideration. (Tr. 62, 78). Plaintiff requested a hearing which was held on September 26, 2014 (Tr. 9-33).

On November 13, 2014, the Administrative Law Judge ("ALJ") determined that Plaintiff was not disabled. (Tr. 82-94). The ALJ found that Plaintiff had not engaged in substantial gainful activity since her application date. (Tr. 84). The ALJ also found that Plaintiff suffered from cervical spine degenerative disc disease, bilateral AC joint degenerative arthrosis of the shoulders, morbid obesity, anxiety and depression, but did not meet or equal any listing in 20 C.F.R. Pt. 404, Subpt. P, App. 1. ("the Listings") (Tr. 84-86). The ALJ then found that Plaintiff retained the Residual Functional Capacity ("RFC")[2] to perform light work[3] limited to occasionally climbing ladders, ropes, scaffolds, ramps, and stairs; occasionally balancing, stooping, kneeling, crouching, and crawling; no overhead reaching with the right upper extremity; occasionally avoiding exposure to moving machinery and unprotected heights; and performing simple, routine, repetitive tasks (Tr. 86-87).

At step four, the ALJ found that Plaintiff could not perform her past work. (Tr. 92).

The ALJ shifted the burden to the Secretary to show the existence of other jobs in the national economy that Plaintiff could perform. The ALJ heard testimony from a Vocational Expert

---

[2]The Social Security Regulations define "Residual Functional Capacity" as "what [a claimant] can still do despite his limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] Residual Functional Capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

[3]"Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, <u>a job is in this category when it requires a good deal of walking or standing</u>, or when it involves sitting most of the time with some pushing or pulling of arm or leg controls." 20 C.F.R. §§ 404.1567(b), 416.967(b). (emphasis added).

("V.E."). In response to the ALJ's hypothetical question, the V.E. identified jobs as an office helper (Dictionary of Occupational Titles ("DOT") number 239.567-010), assembler (DOT number 706.684-022), and machine tender (DOT number 692.685-026) (Tr. 30-31, 93)that Plaintiff could perform. The ALJ asked the V.E. if his testimony was consistent with the DOT. He replied that it was. (Tr. 93-94).

Based upon this testimony, the ALJ found that there were a significant number of jobs in the local and national economy that Plaintiff could perform. (Tr. 94). Accordingly, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act. Id.

On May 14, 2016, the Appeals Council denied Plaintiff's Request for Review. (Tr. 1-6).

Plaintiff filed the present action on July 13, 2016. She assigns error to the ALJ's failure to resolve conflicts between the V.E.'s testimony and the DOT as well as his analysis of Listing 1.04(B). Plaintiff's Memorandum at 2, 4-8 (document #12).

The parties' Motions are ripe for disposition.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION OF CLAIM

The question before the ALJ was whether Plaintiff became disabled[4] as that term of art is

---

[4]Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:

inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . .
Pass v. Chater, 65 F. 3d 1200, 1203 (4th Cir. 1995).

4

defined for Social Security purposes. Plaintiff contends that the ALJ erred in relying on the V.E.'s testimony rather than resolving an apparent conflict with the DOT. Plaintiff argues that there is an unresolved conflict between her limitation to no overhead reaching with the right upper extremity and the frequent reaching associated with the jobs identified by the V.E.. See Plaintiff's Memorandum at 5 (document #12) (citing Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles §§ 07.07.03, 06.04.23, 06.04.05 (1993)). The ALJ failed to obtain an explanation from the V.E. about this apparent conflict.

In Pearson v. Colvin, 810 F.3d 204, 210-12 (4th Cir. Dec. 17, 2015), the Fourth Circuit held that the ALJ has not fully developed the record if there are any unresolved conflicts between the V.E.'s testimony and the DOT. Id. at 209. See also Radford v. Colvin, 734 F.3d 288, 296 (4th Cir. 2013) (where ALJ's analysis is incomplete, remand for further development of the record is appropriate rather than district court mining facts to support or refute ALJ's decision).

It is not Plaintiff's burden to identify this conflicting evidence during the hearing. Rather the "ALJ independently must identify conflicts between the expert's testimony and the [DOT]." Id. at 209. Merely asking the V.E. if there were any conflicts is insufficient. Id. at 210. The ALJ must elicit an explanation about any conflicts from the V.E. The ALJ must then determine whether that explanation is reasonable and provides a basis for relying on the V.E.'s testimony rather than the DOT. Id. at 209-10. Absent an explanation for any apparent conflicts, the V.E.'s testimony does not provide substantial evidence for a denial of benefits. Id. at 211. Accordingly, it was error for the ALJ to rely on the V.E.'s testimony in denying Plaintiff's claim. Pearson, 810 F.3d at 209; Radford, 734 F.3d at 296.

Plaintiff argues that the ALJ also erred in his analysis of the Listings. The ALJ failed to mention Listing 1.04B. (Tr 85-86). This Listing is met when the claimant suffers from spinal

5

arachnoiditis, "confirmed by operative note or medically acceptable imaging manifested by severe burning or painful dysesthesias resulting in the need for changes in position or posture more than once every two hours." See 20 C.F.R. Pt. 404, Subpt. P, Appendix I §§ 1.00(K)(2); 1.04(B). The medical record contains MRI results confirming that Plaintiff suffers from arachnoid adhesions (Tr. 402)(September 2009 MRI revealed "arachnoid adhesions involving the cauda equina which is positioned along the anterior aspect of the thecal sac at L2-3 to L5-S1"). This report is consistent with Plaintiff's history of back, hip and leg pain. (See e.g. Tr 323; 332; 335; 341; 355; 358; 361; 362; 364; 370).

Listing 1.04(B) was implicated by those medical records. Remand is necessary for the ALJ to apply the listing criteria to the record evidence and determine whether that Listing is met. See Radford, 734 F.3d at 295.

## IV. **RECOMMENDATIONS**

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Plaintiff's "Motion for Summary Judgment" (document #11) be **GRANTED**; that Defendant's "Motion for Summary Judgment" (document #13) be **DENIED**; and that the Commissioner's decision be **REVERSED**, and this matter be **REMANDED** for a new hearing pursuant to Sentence Four of 42 U.S.C. § 405(g).[5]

## V. **NOTICE OF APPEAL RIGHTS**

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections

---

[5]Sentence Four authorizes "a judgment affirming, modifying, or reversing the decision ... with or without remanding the cause for a rehearing." Sullivan v. Finkelstein, 496 U.S. 617, 625 (1990).

to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; and to the Honorable Robert J. Conrad, Jr.

**SO RECOMMENDED AND ORDERED**.

Signed: February 28, 2017

David S. Cayer
United States Magistrate Judge

7

Case 3:16-cv-00546-RJC-DSC   Document 15   Filed 02/28/17   Page 7 of 7